*713 OPINION.
A.Rundeix:
The petitioner contends that- the League and the League, Inc,., were organized and operated exclusively for charitable, scientific and educational purposes within the meaning of section 214 (a) (11) of the Revenue Act of 1921 and section 214 (a) (10) of the Revenue Acts of 1924 and 1926, and hence his contributions, to the *714 extent that they do not exceed the 15 per cent limitation, are deductible from gross income. The respondent concedes that if contributions to the League, Inc., are deductible, then those made to the League may also be deducted. We will therefore refer to the two organizations indiscriminately as the League.
The statutory provisions here involved allow deductions for amounts contributed to:
(B) * * * any corporation * * * organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, * * * or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual.
The above sections of the taxing Acts further allow deductions for contributions to:
(0) * ⅜ ⅜ the special fund for vocational rehabilitation authorized by section 7 of the Vocational Rehabilitation Act. (Revenue Acts of 1921, 1924 and 1920.)
and also to:
(E) * * * a fraternal society, order, or association, operating under the lodge system ⅜ * *. (Revenue Acts of 1924 and 1926.)
The contributions under (E) are allowed if they are to be used for the purposes specified in paragraph (B).
In the case of Herbert E. Fales, 9 B. T. A. 828, the statutory tests that an organization of the claimed character of the League must meet are set out as follows:
(A) It must be organized and operated for one or more of the specified purposes; (b) it must be organized and operated exclusively for such purposes; and (c) no part of its income must inure to the benefit of private stockholders or individuals.
The evidence is that the League meets the last of the enumerated tests. As to the other two, we are of the opinion that the League does not come within them. The certificate of incorporation and the constitution specifically state that one of its objects was,
To enlist the support and cooperation of legal advisors, statesmen and legislators in effecting the lawful repeal and amendment of state and Federal statutes which deal with prevention of conception.
The League did not abandon this avowed object of its formation, but continued to hold it as one of its aims as shown by the quotation in the findings of fact taken from one of its pamphlets. Moreover, the evidence shows that this aim was carried into operation through the direction of groups in various States and the distribution of literature seeking the repeal or amendment of statutes which the League felt hampered it in accomplishing its aims. In these matters we think the League stepped beyond whatever charitable, scientific, or educational character it might otherwise have had. Undoubtedly the definition given to the wotds “ charitable,” “ scientific ” and “ educational ” by such standard authorities as Webster’s Hew International *715 Dictionary and the Century Dictionary are sufficiently broad that some phases of the League’s activities may come within them. If it had been the intention of Congress, however, to give to the words of the statute the broad definition the petitioner contends for, it would have been unnecessary to have specifically provided in the Act that contributions or gifts for the prevention of cruelty to children or animals might be deducted or to have provided that contributions might be deducted if made to the spetfial fund for vocational rehabilitation, authorized by section 7 of the Vocational Rehabilitation Act.
There can be no doubt that one of the objects of the League was to engage in the dissemination of controversial propaganda and that it did in fact carry out that purpose. The word “ propaganda ” is defined in Webster’s New International Dictionary as “ The scheme or plan for the propagation of a doctrine or system of principles.” The dissemination of propaganda is usually thought of, not as a charitable, religious, or educational program, but primarily to accomplish the purpose of the person instigating it, which purpose here was a change or repeal of statutes. That the matters to which the propaganda of the League was directed are controversial is shown by the fact of the existence of statutes which the League felt should be amended or repealed. The Board has heretofore held that organizations engaged in such pursuits do not come within the provisions of the taxing act. See Herbert E. Fales, supra. Such has also been the uniform interpretation of the CommissioneT of Internal Revenue in all of his regulations, beginning with those promulgated April 17, 1919. See article 517 of Regulations 45, 62, 65, and 69.
In our opinion the League was not organized and operated exclusively for the purposes specified in the statute and contributions to it are not deductible from gross income.
Reviewed by the Board.

Judgment will be entered for the resfondent.